IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
May 2, 2008
MAY 02 2008

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 07 CR 860 |
| v. | ) |
| | ) Judge Rebecca R. Pallmeyer |
| RUSHON AVANT | ) |
| | ) |

## PLEA DECLARATION

The defendant, RUSHON AVANT, after extensive consultation with his attorney, DANIEL J. HESLER, acknowledges and states the following:

1. He has been charged by indictment with knowingly and intentionally possessing with intent to distribute a controlled substance, namely in excess of 5 grams of mixtures containing cocaine base in the form of crack cocaine, a Schedule II Controlled substance, in violation of 21 U.S.C. § 841(a)(1); knowing possession of a firearm during and in relation to the commission of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A); and being a convicted felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1).

2. He has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crimes with which he has been charged.

4.  At this time, he will enter a voluntary plea of guilty to each count of the indictment.

Factual Basis

5.  Mr. Avant is pleading guilty because he is in fact guilty of the charges in the indictment. In pleading guilty, Mr. Avant acknowledges the following:

**Count One**

Mr. Avant acknowledges that on or about August 24, 2007, at Riverdale, in the Northern District of Illinois, Eastern Division, he did knowingly and intentionally possess with intent to distribute a controlled substance, namely in excess of 5 grams of mixtures containing cocaine base in the form of crack cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Specifically, Mr. Avant admits that on or about August 24, 2007, the Illinois State Police Northern Tactical Response Team executed a search warrant of his residence, 14522 South Lowe, in Riverdale, Illinois. At the time of this search, Mr. Avant knowingly possessed 47.4 grams of crack cocaine. Mr. Avant intended to sell the crack cocaine.

**Count Two:**

Mr. Avant acknowledges that on or about August 24, 2007, at Riverdale, in the Northern District of Illinois, Eastern Division, he did knowingly and intentionally possess a firearm during, namely a Smith and Wesson Model SW9VE 9mm semiautomatic pistol,

in furtherance of, and in relation to the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

More specifically, on August 24, 2007, Mr. Avant had the firearm mentioned in the indictment stored in the safe in his home where he also kept drugs that he sold. He ~~had received the firearm in exchange for drugs, and~~ was hoping to sell it in the near future.

**Count Three:**

Mr. Avant acknowledges that on or about August 24, 2007, at Riverdale, in the Northern District of Illinois, Eastern Division, he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, and on the same date he knowingly possessed a firearm, namely a Smith and Wesson Model SW9VE 9mm semiautomatic pistol, in violation of 18 U.S.C. § 922(g)(1). Mr. Avant further acknowledges that that particular firearm had traveled across state lines at some point prior to his possession of the firearm in August of 2007.

Potential Penalties

6.     Mr. Avant understands that the count one carries a minimum incarceration sentence of 5 years, a maximum incarceration sentence of 40 years and a maximum fine of $2,000,000, along with a term of supervised release of at least four years.  Mr. Avant understands that count two carries a maximum sentence of life imprisonment, and a minimum sentence of five years which must be served consecutively to any other sentence, along with a fine of up to $250,000 .  Mr. Avant understands that count three carries a maximum sentence of ten years imprisonment along with a fine of up to $250,000 and up to three years supervised release.  Thus, Mr. Avant understands that the three counts collectively carry imprisonment between ten years and life, a fine of up to $2,500,000, and at least four years supervised release.

7.     Mr. Avant understands that in accord with federal law, 18 U.S.C. § 3013, upon entry of judgment of conviction, he will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed, for a total special assessment of $300.

Applicability of the Sentencing Guidelines

8. Mr. Avant understands that the advisory guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 will apply to his case in conjunction with any applicable mandatory minimums.

9. Mr. Avant reserves the right to request a downward departure or variance on any grounds he deems appropriate. Mr. Avant understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

Preliminary Nature of Calculations

10. Mr. Avant and his attorney acknowledge that any guideline calculations he may have made at this point are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Avant understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

## Trial Rights and Appellate Rights

12. Mr. Avant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence and considering each count separately, whether or not she was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13. Mr. Avant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Avant admits he is guilty and agrees that he should be found guilty. Mr. Avant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Avant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

14. Mr. Avant understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Avant further understands that he will be able to present evidence in mitigation for sentencing.

15. Mr. Avant understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

16. Mr. Avant understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Avant understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

17. Should this Court refuse to accept Mr. Avant's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

18. Mr. Avant agrees that this Plea Declaration shall be filed and become part of the record of the case.

19. Mr. Avant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Avant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 2nd day of ~~April~~ May, 2007

_Rushon Avant_
Rushon Avant, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Daniel J. Hesler
Attorney for Defendant

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8347

9