UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 860 |
| vs. | ) | Judge Pallmeyer |
| | ) | |
| RUSHON AVANT | ) | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MID-HEARING SENTENCING MEMORANDUM
FOR A BELOW THE GUIDELINES SENTENCE

Now comes the UNITED STATES by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and responds to defendant's mid-hearing sentencing memorandum, as follows:

I.    **Introduction**

On July 11, 2008, defendant appeared before this Court for sentencing on the following charges, to which he previously had pled guilty: (1) knowingly and intentionally possessing with intent to distribute in excess of 5 grams of crack cocaine, in violation of Title 21, United States Code, Section 841 (Count One); (2) knowingly possessing a firearm in relation to the commission of a federal drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Two); and (3) being a convicted felon in possession of a firearm that had traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1) (Count Three). Defendant's combined Sentencing Guidelines under Counts One and Three are 110 to 137 months,[1] plus a statutory mandatory consecutive five-year sentence in connection with the Section 924(c)

---

[1]At the sentencing hearing, the court made a factual finding that defendant should not be sentenced for relevant conduct based upon his admission that he had sold approximately one ounce of crack cocaine a week for five years, which would have significantly increased his sentencing guidelines under Count One.

charge in Count Two.  The court had expressed its intention to sentence defendant at the lowest end of the guidelines range for Counts One and Three (110 months), having no discretion as to the five-year consecutive sentence statutorily imposed under Count Two.

Defendant now requests that this court impose a sentence lower than the Sentencing Guidelines on Counts One and Three, for the following reasons: (1) the difficult conditions of incarceration at Kankakee County Jail have made defendant's pretrial incarceration particularly punitive; (2) defendant suffers a heart condition; and (3) defendant has expressed remorse and a willingness to be rehabilitated.  The government objects to a sentence below the guidelines range.

## II.    The Law

### A.    The Sentencing Guidelines Provide An Objective And Fair Sentence

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2]  In order to determine the "particular" sentence to impose, the court must consider the familiar statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements.  § 3553(a)(4), (a)(5).  Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, — U.S. — , 128 S.

---

[2]Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  § 3553(a)(2)(A)-(D).

Ct. 586, 596 (2007).  For two reasons, this court should give serious consideration to the advisory Guidelines range.

First, the Sentencing Guidelines are the *sole* factor in § 3553(a) that provides any objective sentencing range that can practicably promote the overall goal of minimizing unwarranted sentencing disparities, which is itself a statutorily-mandated factor, § 3553(a)(6).  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) ("The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country."); *see also Booker v. United States*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal – a system that diminishes sentencing disparity"); *id.* at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity"); *id.* at 267 (rejecting other remedial alternatives because they were inconsistent with the "basic objective of promoting uniformity in sentencing").  The Supreme Court created the advisory system to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individual sentences where necessary."  *Booker*, 543 U.S. at 264-65.  The only way to prevent widespread unwarranted disparities is to give serious consideration to the Guidelines.

Second, the Guidelines generally deserve serious consideration because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall*, 128 S. Ct. at 594.  It is true that there is no "presumption" that a Guidelines sentence is the "correct" sentence, *Rita v. United States*, 127 S. Ct. 2456, 2465

(2007),[3] and that there is "broad" sentencing discretion post-*Booker*. *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). However, the Commission is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v. Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007) (internal quotation and citation omitted). Furthermore, the Commission is charged by statute to periodically review and revise the Guidelines as the Commission collects comments and data from numerous sources in the criminal justice system, 28 U.S.C. § 994(o), and these ongoing efforts to refine the Guidelines are another reason to seriously consider the advisory range.

In the event that this court exercises its discretion to sentence outside the advisory range, there are guideposts for evaluating what the extent of the deviation should be and when a non-Guidelines sentence will be deemed unreasonable on appeal. These guideposts are set forth in Supreme Court and Seventh Circuit cases.

First, the Supreme Court instructs that it is "clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall*, 128 S. Ct. at 594. The degree of the deviation from the advisory Guidelines range is relevant in choosing the particular sentence:

> If [the judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support

---

[3]Although the Seventh Circuit has held that Guidelines 'departures' are no longer relevant after *Booker*, it is true that the Supreme Court referred multiple times to 'departures' from the Guidelines, as a category distinct from § 3553(a) variances, in *Rita*, 127 S. Ct. at 2461, 2465, 2468 (2007). However, even after *Rita*, the Seventh Circuit has continued to express the view that departures are obsolete. *United States v. Dale*, 498 F.3d 604, 611 n.6 (7th Cir. 2007).

4

the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

*Id.* at 597.  In *Gall*, the Supreme Court affirmed a sentence of probation in an Ecstasy conspiracy case where the low-end of the range was 30 months of imprisonment.  Although the Court acknowledged the qualitative difference between probation and a sentence of imprisonment, the defendant presented extensive mitigating facts: his only role in the crime was to deliver drugs to other co-conspirators; he had voluntarily stopped distributing drugs "after deciding, on his own initiative, to change his life," which distinguished him from the "vast majority of defendants convicted of conspiracy"; after withdrawing from the drug conspiracy, he graduated from college and obtained steady employment; when confronted by law enforcement agents, he fully confessed to the crime; when indicted, he moved back to the district in which he was charged and started his own successful business; and he proffered a "small flood" of letters praising his character and work ethic.  *Id.* at 591-93, 599-600.

In contrast to the significant and uniquely-personal mitigating facts in *Gall*, the Seventh Circuit warns that major deviations from the advisory range are more likely to be unreasonable if the grounds for the deviation are "overstated mitigating factors" or "normal incidents" of the offense.  *Wachowiak*, 496 F.3d at 754.  Similarly, the Seventh Circuit admonishes that sentences relying on "common" factors, rather than "particularized" ones, to justify variances are less likely to be substantively reasonable.  *Id.* at 750.  To be sure, these are only guides and not bright-line rules for assessing reasonableness, but they are helpful in preventing excessive sentencing disparities. Here, neither the harshness of the statutory mandatory five-year consecutive sentence under Section 924(c), nor any other factors raised by defendant, qualify as a "particularized" factor which would compel a sentence lower than the guidelines provide.

5

B.     <u>The Factors Raised By Defendant Do Not Justify A Sentence Below The Guidelines</u>.

1.     *The Conditions of Kankakee Jail Do Not Justify a Sentence Below the Guidelines*.

Admittedly, the conditions of most prisons, undoubtedly including Kankakee County Jail, are not ideal.  Nevertheless, conditions of confinement do not constitute a particularized factor that would justify a sentence below the guidelines.  To hold otherwise would establish that all inmates held at Kankakee County Jail, or any comparable facility, should be sentenced below the guidelines.

2.     *Defendant's Heart Condition Does Not Justify a Sentence Below the Guidelines*.

Defendant admittedly has a history of health problems, although there is no evidence that they are life-threatening, or require treatment that he cannot get in prison.   It is notable that such health problems did not prevent defendant from committing the criminal acts for which he is being sentenced.  *See United States v. Hernandez-Eslora*, 208 Fed.Appx. 466 (7th Cir. 2006)(defendant's claim of poor health did not compel a shorter sentence because he could be treated in prison, and because his illness had not prevented him from committing the crime).  Defendant's history of health problems do not justify a sentence below the guidelines range.

3.     *Defendant's Apparent Remorse and Willingness To Be Rehabilitated Do Not Justify a Sentence Below the Guidelines*.

As the government pointed out at the sentencing hearing, there is much good in defendant. The letters submitted by his family and friends attest to that.  Defendant's expression of remorse to the court attests to that.  Nevertheless, as the court noted at the sentencing hearing, defendant's prior criminal history indicates that he has expressed such remorse on previous occasions, in other courtrooms, at prior sentencing hearings.  Defendant has done nothing extraordinary to date to show

6

his amenability to rehabilitation, and only time will tell if he is genuinely and finally ready to turn his back on a life of crime.

Faith in the ability of a human being to change for the better is inherent in the guidelines: it is a factor that the Commission takes into consideration in effectuating guidelines in accordance with the purposes, including rehabilitation, set forth in 18 U.S.C. §3553(a); it is also directly bears upon the sentencing guidelines calculation, reducing the offense level for defendant's willingness to accept responsibility, under U.S.S.G. §3E1.1(a). Thus, the guidelines represent a sentence which already takes into account defendant's remorse and amenability to rehabilitation, so that such factors do not justify a below the guidelines range.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that this Court sentence the defendant in accordance with the applicable Sentencing Guidelines.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: *s/ Sheri H. Mecklenburg*
Sheri H. Mecklenburg
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6030

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S MID-HEARING SENTENCING MEMORANDUM
FOR A BELOW THE GUIDELINES SENTENCE**

was served on July 31, 2008, in accordance with Fed. R. Crim. P. 49 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

*s/ Sheri H. Mecklenburg*
Sheri H. Mecklenburg
Assistant United States Attorney
(312) 469-6030