

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.         ) | No. 07 CR 860 |
| ) | |
| RUSHON AVANT     ) | Judge Rebecca Pallmeyer |

**PRELIMINARY ORDER OF FORFEITURE**

The UNITED STATES OF AMERICA, through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853(a)(1) and (2) and Fed. R. Crim. P. 32.2, and in support thereof submits the following:

(a)     On December 20, 2007, an indictment was returned charging defendant RUSHON AVANT with illegally possessing a firearm and ammunition, pursuant to the provisions of 18 U.S.C. §§ 922(g)(1) and 924(c);

(b)     The indictment sought forfeiture to the United States of specific property, namely, a Smith and Wesson, Model SW9VE, 9 mm pistol bearing Serial Number PBP6185; and 16 rounds of 9 mm caliber bullets, pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(c)     On May 2, 2008, pursuant to Fed. R. Crim. P. 11, defendant RUSHON AVANT entered a voluntary plea of guilty to each count of the indictment, charging him with illegally possessing a firearm and ammunition, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), which states in pertinent part that "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture;"

(d) As a result of his violations of 18 U.S.C. §§ 922(g)(1) and 924(c), to which defendant RUSHON AVANT pled guilty, a Smith and Wesson, Model SW9VE, 9 mm pistol bearing Serial Number PBP6185; and 16 rounds of 9 mm caliber bullets, are subject to forfeiture as property involved in a knowing violation of 18 U.S.C. §§ 922(g)(1) and 924(c);

(e) As the foregoing property is subject to forfeiture, the United States requests that this Court enter a preliminary order of forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), forfeiting all right, title, and interest defendant RUSHON AVANT has in the foregoing property for disposition according to law.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest defendant RUSHON AVANT may have in a Smith and Wesson, Model SW9VE, 9 mm pistol bearing Serial Number PBP6185; and 16 rounds of 9 mm caliber bullets, is hereby forfeited to the United States of America for disposition according to law. It is further ordered,

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives shall take custody of the foregoing property for disposition according to law. It is further ordered,

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture.

The government, is unaware, at this time, of anyone who qualifies for such notice. It is further ordered,

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person other than the defendant, asserting a legal claim in the property which has been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, petition this court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the court alone, without a jury. It is further ordered,

5. That, following the court's disposition of all third party interests, the court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America. It is further ordered,

6. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant RUSHON AVANT and shall be made part of any judgment and commitment order entered in this case against him. It is further ordered,

7. That, this court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

REBECCA PALLMEYER
United States District Judge

DATED: Aug. 18, 2008